UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 1:14-cr-00098-JMS-TAB |
| BENJAMIN CURELL, | ) ) ) |
| Defendant. | ) |

## PLEA AGREEMENT

The United States of America, by counsel, Joseph H. Hogsett, United States Attorney for the Southern District of Indiana, and by Sharon M. Jackson, Assistant United States Attorney, and by Sanjay Patel, Trial Attorney, Department of Justice, Civil Rights Division, and the Defendant, BENJAMIN CURELL, in person and by counsel, Daniel Reuter, hereby inform the Court that a Plea Agreement has been reached in this cause pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and the following are its terms and conditions:

1. BENJAMIN CURELL agrees to enter a plea of guilty to the one-count Information that charges him violating the Freedom of Access to Clinic Entrances Act, 18 U.S.C. 248(a)(3).

2. Count 1 charges that BENJAMIN CURELL intentionally damaged a facility because the facility provides reproductive-health services in violation of Title 18, United States Code, Section 248(a)(3). This offense is a misdemeanor and

1

punishable by a prison term of not more than 1 year, a fine of not more than $100,000, and a term of supervised release of up to 1 year following any term of imprisonment. A term of probation for up to 5 years is also authorized.

3. The elements of this charge are that:

First: the defendant intentionally damaged the property of a facility described in the information; and

Second: the defendant did so knowingly and because the facility was being used to provide reproductive-health services; and

Third: the "facility" is a hospital, clinic, physician's office, or other facility that provides reproductive-health services.

4. The United States and the defendant acknowledge and agree that this plea agreement is governed by Fed. R. Crim. P. 11(c)(1)(C) and that the parties have agreed that the specific sentence set forth in Paragraphs 7 through 12 of this Plea Agreement is the appropriate disposition of this cause. The parties understand that the Court must accept or reject the sentence specified in this Plea Agreement. The defendant acknowledges that, pursuant to Fed. R. Crim. P. 11(c)(3), (4), and (5), if the Court rejects the Plea Agreement, the Court will advise the defendant personally in open court that the Court is rejecting the Plea Agreement and the Court will afford both parties the opportunity to then withdraw the Plea Agreement.

5. The defendant understands that, in determining whether to accept or reject the sentencing provisions in the Plea Agreement, the Court will look to the statutory range set forth in Paragraph 2 above. The defendant further

understands that the Court will consider the factors set forth in 18 U.S.C. § 3553(a) and the United States Sentencing Guidelines (U.S.S.G.) in determining whether to accept or reject the sentence outlined in this agreement.

## SPECIFIC PROVISIONS

6.  **Counts of conviction:** The defendant, BENJAMIN CURELL, will enter a plea of guilty to Count 1 of the Information.

7.  **Sentence Recommendation:** At the time of sentencing, the United States and the defendant agree that the Court shall impose a sentence of three (3) years probation to run concurrent to the sentence of probation imposed in *State of Indiana v. Benjamin David Curell*, cause number 53C05-1304-FC-000371.

9.  **Supervised release/probation:** The parties agree that the Court will have the right to impose terms and conditions of the probation.

10. **Restitution:** The parties agree that an order of restitution for the property damaged in this case, in the amount of $22,822.14, is mandatory in this case and will be ordered. However, the defendant will be given credit for any restitution payments made pursuant to his state court probation.

11. **Fine:** The Court shall order that no fine be imposed in light of the restitution that will be due and owing.

12. **Special Assessment:** BENJAMIN CURELL will pay a total of $50.00 on the date of sentencing to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to Title 18, United States Code, Section 3013.

14. **Background Information:** The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence. BENJAMIN CURELL acknowledges and understands that, notwithstanding the agreement not to bring additional charges as outlined above, the United States is not prohibited from providing information concerning the background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

15. **Financial Information:** Additionally, BENJAMIN CURELL agrees that as of the date of filing this plea agreement he will provide all requested financial information to the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Indiana for use in the collection of any fines and restitution imposed by the Court and authorizes the Financial Litigation Unit to obtain credit reports relating to BENJAMIN CURELL for use in the collection of any fines and restitution imposed by the Court.

16. **Waiver of Appeal Rights:** BENJAMIN CURELL understands that he has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the United States in this Plea Agreement, he expressly waives his right to appeal the conviction imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. He also

4

expressly agrees not to contest, or seek to modify, his conviction or sentence or the manner in which either was determined in any proceeding, including, but not limited to, an action brought under 18 U.S.C. § 2255. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the terms of the supervised release and the amount of any fine. This Section 2255 waiver does not encompass claims that the defendant received ineffective assistance of counsel in the negotiation of the plea or plea agreement.

### SENTENCING GUIDELINES STIPULATIONS

17. Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the sentencing guidelines applicable in this case.

18. The parties stipulate and agree that the applicable Sentencing Guideline for Count 1 is U.S.S.G. § 2H1.1 (Offenses involving Individual Rights) and applies as follows:

    A.    The base offense level is 10 pursuant to § 2H1.1(a)(3)(B) as the offense involved property damage.

    B.    The specific offense characteristic is inapplicable.

19. The parties stipulate and agree that, based upon the information known at the time of this agreement, the adjustments in U.S.S.G. Chapter Three,

Part A (Victim-Related), Part B (Role in the Offense), Part C (Obstruction), and Part D (Grouping) are inapplicable in this case.

22. ***Provided that*** BENJAMIN CURELL continues his acceptance of responsibility for his criminal acts, the parties agree that the combined adjusted offense level should be reduced by 2 levels pursuant to U.S.S.G. §3E1.1 [Acceptance of Responsibility].

23. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court.

## FINAL PROVISION

24. BENJAMIN CURELL acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce BENJAMIN CURELL to plead guilty. This document is the complete and only plea agreement between BENJAMIN CURELL and the United States Attorney for the Southern District of Indiana and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

FOR THE DEFENSE:          FOR THE UNITED STATES:

                                JOSEPH H. HOGSETT
                                United States Attorney

BENJAMIN CURELL        By:  Sharon M. Jackson
Defendant                   Assistant United States Attorney

Date: 5/1/2014              Date: 5/8/2014

Daniel Reuter               Sanjay Patel
Attorney for Defendant      Trial Attorney, Civil Rights Division
                                Department of Justice

Date: 5/1/2014              Date: 5/8/2014